UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE JOHNSON,

       Petitioner,                                               Civil Action No. 09-CV-13216

v.                                                          HON. BERNARD A. FRIEDMAN

C. ZYCH,

       Respondent.
                                /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

        Petitioner Tommie Johnson, a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner has been convicted of possession of cocaine base. Petitioner challenges the decision of the Federal Bureau of Prisons (BOP) to deny him early release benefits under 18 U.S.C. § 3621(e) on the grounds that his sentence included a two-level enhancement for possession of a firearm. For the reasons set forth below, the court shall deny the petition.

**I.**

        Petitioner was convicted in the United States District Court for the Northern District of Indiana of possession of cocaine base. On April 21, 2005, he was sentenced to 108 months' imprisonment and four years' supervised release.

        Petitioner began participating in the BOP's Residential Drug Abuse Program (RDAP) in January 2009. The BOP has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a qualifying offense and successfully completes RDAP. *See* 18 U.S.C. §

3621(e)(2)(B). Petitioner states prison officials have informed him that he is ineligible for the early release benefit based upon his sentence enhancement.

Petitioner has filed the pending petition for a writ of habeas corpus, claiming that the BOP violated the Administrative Procedures Act by failing to articulate a rationale for its decision to categorically exclude prisoners with firearm-related offenses from the early-release benefit.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the court finds that summary dismissal is appropriate.

"It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). The BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). While petitioner has not exhausted his administrative remedies, exhaustion may be excused where the BOP has predetermined the disputed issue, rendering any appeal futile. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992);

*Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, at *3 (E.D. Mich. Dec. 20, 2006). The BOP's clearly stated position is that persons serving a sentence that has been enhanced for possession of a firearm are not eligible for early release upon successful completion of a substance abuse program. Therefore, the court finds that petitioner's failure to exhaust administrative remedies is excused and will address the merits of the petition.

Pursuant to 18 U.S.C. § 3621(b)(5), the BOP must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To encourage successful participation in the program, the statute provides that

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

To determine which inmates would be eligible for participation in the drug treatment program and which inmates would be eligible to be considered for sentence reduction upon successful completion of the program, the BOP has promulgated certain regulations and program statements defining inmates' eligibility. The Act does not define "nonviolent offense." Thus, among the first regulations enacted by the BOP was Regulation 550.58, which defined "nonviolent offense" as any offense that is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). The BOP also issued Program Statement 5162.02 which excluded from consideration for early release any prisoner whose sentence included an enhancement for possession of a firearm.

Following promulgation of the BOP's regulations and statements governing the administration of § 3621(e)(2)(B), numerous prisoners successfully challenged the BOP's reliance

on sentence enhancements for possession of a firearm in categorically excluding prisoners from consideration for early release. Courts holding this categorical exclusion to be improper have done so based on the plain language of § 3621(e)(2)(B). The statute permits a sentence reduction for prisoners "convicted of a nonviolent offense." Thus, the BOP's reliance of sentence *enhancements*, rather than convictions, to determine eligibility for early release conflicted with the plain language of the statute. *See, e.g.*, *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998); *Samples v. Scibana*, 74 F. Supp.2d 702 (E.D. Mich. 1999)*; Scroger v. Booker*, 39 F. Supp.2d 1296 (D. Kan. 1999). Other courts have held that a sentence enhancement for felon-in-possession could not properly be categorized as a nonviolent offense. *See, e.g.*, *Byrd v. Hasty*, 142 F.3d 1395, 1397 (11th Cir. 1998).

In response to the successful challenges to its definition of nonviolent offenses, the BOP amended 28 C.F.R. § 550.58, and issued the following interim regulation:

> An inmate who was sentenced to a term of imprisonment . . . for a nonviolent offense, and who is determined to have a substance abuse problem and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> \* \* \*
>
> (vi) Inmates whose current offense is a felony:
>
> > (A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or

4

>   (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>
>   © That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

28 C.F.R. § 550.58 (1997 Interim Regulation). The effective date of this interim regulation was October 9, 1997. It was published in the Federal Register on October 15, 1997, and comments were sought until December 15, 1997. 62 Fed. Reg. 53691 (Oct. 15, 1997).[1]

The BOP also issued a Program Statement that became effective on October 9, 1997, which lists offenses that preclude early release at the Director's discretion even though the offenses may not be crimes of violence. The Program Statement specifically excludes from consideration for early release benefits all inmates whose convictions involved carrying, possessing or using a firearm. On December 22, 2000, the Bureau replaced its 1997 Interim Regulation with a final regulation, which adopted the interim rule without any changes. *See* 65 Fed.Reg. 80748 (Dec. 22, 2000).

Following promulgation of the 1997 Interim Regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 Interim Regulation was invalid, for failure to follow the notice-and-comment requirements of the APA. *See Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005). More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure

---

[1] In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that the 1997 Interim Regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion.

to set forth a rationale for its categorical exclusion rule. *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008)

Petitioner argues that the court should follow the Ninth Circuit's decision and find the final 2000 rule to be arbitrary and capricious. The court shall decline to do so. In *Arrington*, several federal prisoners who had been convicted of firearms-related offenses challenged the BOP's implementation of § 550.58 on the grounds that it violated the APA. The Ninth Circuit held that the regulation implemented by the BOP categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms violated the APA because the BOP failed to articulate a rationale for categorically excluding from early release any prisoner who had been convicted of an offense involving the carrying, possession, or use of a firearm as required under 5 U.S.C. § 706(A)(2).

The *Arrington* decision has been criticized in several district courts for being in conflict with Supreme Court precedent and for failing to reconcile the decision with 18 U.S.C. § 3625. In *Riopelle v. Eichenlaub*, No. 2:08-11754, 2008 WL 2949236, at *2 (E.D. Mich. July 29, 2008), the court declined to follow *Arrington* for the following reasons:

> The problem with the Ninth Circuit's decision, however, is that it ignores 18 U.S.C. § 3625, which exempts the BOP's decision to deny the reduction of a sentence from the requirements of 5 U.S.C. § 706(A)(2). *See* 18 U.S.C. § 3625 (providing that 5 U.S.C. § 706 "do[es] not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621 *et seq.*). Thus, this Court lacks jurisdiction, pursuant to 18 U.S.C. § 3625, to review Petitioner's claim that the BOP's enactment of § 550.58 violated the APA.

*Id.* at *2. *See also Cooper v. Zych*, 2009 WL 2711957, at **3-4 (E.D. Mich. Aug. 25, 2009) (declining to follow *Arrington* and holding that the BOP's rationale for its regulation is manifestly

correct); *Norcutt v. Zych*, 2009 WL 514083, at \*\*4-5 (E.D. Mich. March 2, 2009) (same).

In *Minotti v. Whitehead*, 584 F. Supp.2d 750, 762 (D. Md. 2008), the court stated that the decision in *Arrington* was "misguided due to binding precedent from the Supreme Court." The court noted that the Ninth Circuit failed to address whether the disputed regulation was a legislative or substantive rule, which would be subject to the APA's notice and comment requirements, or an interpretive rule, which would not be. The court in *Minotti* further noted that in *Lopez v. Davis* 531 U.S. 230 (2001), which interpreted the 1997 interim regulation (which was identical to the 2000 regulation) the Supreme Court indicated that the rule was interpretive, not substantive. Finally, the court in *Minotti* found that the BOP offered a reasonable explanation for exercising its discretion to exclude from early release benefits inmates with prior involvement with firearms, and that the rule is therefore not arbitrary or capricious. Other courts have reached the same conclusion. *See Neal v. Grondolsky*, No. 08-2477, 2008 WL 4186901, at \*4 (D. N.J. Sept. 9, 2008); *Gatewood v. Outlaw*, No. 2:08-CV-00054, 2008 WL 2002650, at \*4 (E.D. Ark. May 08, 2008); *Chevrier, supra*, 2006 WL 3759909, at \*5.

When deciding whether a BOP regulation is arbitrary and capricious in violation of 5 U.S.C. § 706(A)(2), "all [this court] must decide is whether the [BOP], the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)). The BOP has articulated two rationales for the promulgation of the 2000 final rule: "the increased risk that offenders with firearms convictions might pose a risk to the public and the need for uniformity in the application of eligibility regulations." *Minotti*, 584 F. Supp.2d at 764. In *Lopez*, the Supreme Court agreed with

7

the BOP's "reasonabl[e] conclu[sion] that an inmate's prior involvement with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." 531 U.S. at 244. The connection between firearms and violence is fully supported by the language of the statute, *Lopez*, and "just plain common sense." *Minotti*, 584 F. Supp.2d at 765. Deferring to the BOP's reasonable implementation of § 3621, this court disagrees with the *Arrington* decision and finds that 28 C.F.R. § 550.58 is not invalid under 5 U.S.C. § 706(2)(A).

### III.

The BOP's decision not to reduce petitioner's sentence for successful completion of the RDAP was permissible and not an abuse of discretion or contrary to statute or regulation. Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

 S/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2009
            Detroit, Michigan

8